**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:25-cv-20740**

| | |
|---|---|
| JIANHUA CAI and RENGUAN ZHOU, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| NEIMA SUSHI LLC, a Florida limited | ) |
| liability company d/b/a Nessa Sushi and | ) |
| SALVATORE LOPINTO III, | ) |
| | ) |
| Defendants. | ) |
| _____ / | ) |

**COMPLAINT**

Plaintiffs, JIANHUA CAI and RENGUAN ZHOU, through undersigned counsel, file this Complaint against Defendants, NEIMA SUSHI LLC d/b/a Nessa Sushi and SALVATORE LOPINTO III ("Defendants"), and allege:

**JURISDICTION, VENUE, AND COVERAGE**

1.      This is an action for unpaid overtime and minimum wage brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA"), under Article X, Section 24 of the Florida Constitution (as implemented by Fla. Stat. § 448.110, the "Florida Minimum Wage Act"), and for breach of contract under Florida law to recover from Defendants unpaid wages, damages for breach of contract, liquidated damages for the wage claims, and reasonable attorney's fees and costs.

2.      This Court has jurisdiction pursuant to Section 216 of the FLSA. This Court has federal question jurisdiction under 28 U.S.C. § 1331 as this civil action arises under the laws of the United States. The Court has supplemental jurisdiction over the Florida constitutional law

1

claim and the breach of contract claims pursuant to 28 U.S.C. § 1367 since the Florida claims for unpaid Floria minimum wages and breach of contract form a part of the same case or controversy as the FLSA claims for unpaid minimum and overtime wages, and involve the same defendants.

3.     Venue is proper under 28 U.S.C. § 1391 because the corporate Defendant has its principal place of business in Miami-Dade County, Florida and because a substantial part of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida, within the jurisdiction of this Court.

4.     At all times material hereto, each Plaintiff was an "employee" of Defendants as defined by the FLSA.  Plaintiff Cai was a head sushi chef and Plaintiff Zhou was a sushi chef for defendants between August 10, 2024 and December 8, 2024.

5.     Plaintiff's job duties for Defendant primarily included preparing food and beverages for defendants' customers at defendant's Nessa Sushi restaurant in Surfside, Florida.

6.     Defendant NEIMA SUSHI LLC is a Florida limited liability company that operates the Nessa Sushi restaurant in Surfside, Florida.  Its principal address is located in Surfside, Florida within the jurisdiction of this Court.

7.     Defendant Lopinto is an individual and *sui juris*, is the manager and owner of Nessa Sushi, and acts directly and indirectly in the interest of Nessa Sushi.  Lopinto has the power to direct employee's actions and is in charge of the restaurant's management.  Lopinto's management responsibilities included hiring and firing, setting rates of pay, and scheduling.  He exercised control over day-to-day operations and compensation practices and was responsible for failing to compensate Plaintiffs in violation of the FLSA.  Accordingly, Lopinto is an individual employer pursuant to 29 U.S.C. § 203(d).

2

8.      Defendants are both "employers" as defined by the FLSA (29 U.S.C. § 203(d) and 29 C.F.R. § 791.2) and are individually, jointly, and severally liable for the minimum wage and overtime violations at issue in this lawsuit as employers under the FLSA.

9.      At all times during the relevant period, the corporate defendant was an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA in that said enterprise had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.  The annual gross revenue of Defendant was on track to exceed or did exceed $500,000.00 per annum during the calendar year during the relevant period.

10.      At all times during the relevant period, Defendant had two or more employees (including Plaintiffs) handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, cash registers, pots, pans, cooking and dishwashing equipment, telephones, point of sale equipment, and other kitchen, food preparation, and office materials and goods.  Defendants also utilize interstate commerce to take restaurant reservations.  At all times during the relevant period, both Plaintiffs and Defendants were "engaged in commerce" by virtue of, among other things, the fact that they regularly completed financial transactions with Defendants' customers' credit card companies, banks, and third-party payment processing services outside of the State of Florida, and with foreign customers/tourists.

11.      At all times during the relevant period, Plaintiffs' work was essential to Defendants' business in that Defendants could not operate their restaurant without chefs.

3

## GENERAL ALLEGATIONS

12.     Plaintiffs were employed by Defendants from August 10, 2024 and December 8, 2024.

13.     On August 6, 2024, Plaintiff JIANHUA CAI and NEIMA SUSHI LLC entered into the Employment Contract attached hereto as **Exhibit 1**.

14.     Pursuant to that contract, Cai was to serve as head sushi chef in return for an annual salary of $130,000 payable every two weeks.

15.     On August 6, 2024, Plaintiff RENGUAN ZHOU and NEIMA SUSHI LLC entered into the Employment Contract attached hereto as **Exhibit 2**.

16.     Pursuant to that contract, Zhou was to serve as sushi chef in return for an annual salary of $96,200.00 payable every two weeks.

17.     Each Plaintiff worked 55 hours per week for Defendants during the relevant period of time.

18.     Plaintiffs were each paid their contractual salary through October 12, 2024.

19.     Plaintiffs were not paid *at all* for 8 weeks of work from October 13, 2024 through December 8, 2024.  This resulted in a failure to pay both the Federal and Florida minimum wage and also resulted in a breach of the attached agreements between the parties.

20.     Plaintiffs were not paid time-and-a-half overtime *at all* for the 15 hours of overtime each worked during the 17 weeks of their employment with Defendants.

21.     Defendants knowingly and willfully refused to pay Plaintiffs wages to which they are legally entitled.

22.     Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

4

23. Prior to the initiation of this lawsuit, Plaintiffs gave notice to Defendants pursuant to Fla. Stat. § 448.110(6)(a) & (b) of Plaintiffs' intent to initiate a civil action for unpaid Florida minimum wages. Those notices, attached hereto as composite **Exhibit 3**, were delivered to Defendants on January 24, 2025. More than 15 calendar days have passed since Defendants' receipt of the Exhibit 3 notices.

24. After receipt of the Exhibit 3 notice, Defendants did not pay the total amount of unpaid wages or otherwise resolve the claims for unpaid Florida minimum wages to the satisfaction of either of the Plaintiffs.

25. Plaintiffs retained the services of the undersigned counsel and are obligated to pay for the legal services provided.

<u>**COUNT I: MINIMUM WAGE VIOLATIONS (FLSA)**</u>
**(JIANHUA CAI against all Defendants)**

26. Plaintiff Cai realleges and incorporates the allegations contained in paragraphs 1-25 above as if set out in full herein.

27. Plaintiff was entitled to be paid the federal minimum wage for each hour Plaintiff Cai worked during Plaintiff's employment with Defendants.

28. Defendants failed to pay Plaintiff Cai the federal minimum wage for each of the 440 hours Plaintiff worked for the Defendants between October 13, 2024 and December 8, 2024.

29. Defendants had knowledge that they were required to pay a minimum wage, yet still failed to pay Plaintiff Cai at least minimum wage.

30. Defendants willfully failed to pay Plaintiff Cai the federal minimum wage of $7.25/hour for 8 weeks during the relevant period, in violation of 29 U.S.C. § 206.

31. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff Cai has been damaged in the loss of federal minimum wages for 8 weeks during the

relevant period.  He is also entitled to liquidated damages as a result of Defendants' unlawful pay practices.

**WHEREFORE**, Plaintiff Cai respectfully requests that this Honorable Court enter judgment for Plaintiff Cai jointly and severally against Defendants on the basis of the Defendants' willful violations of the FLSA, award Plaintiff Cai $3,190 (440 x $7.25) in unpaid minimum wages, award Plaintiff Cai liquidated damages in an equal amount ($3,190), award Plaintiff Cai reasonable attorney's fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

### COUNT II: OVERTIME VIOLATIONS (FLSA)
**(JIANHUA CAI against all Defendants)**

32.     Plaintiff Cai realleges and incorporates the allegations contained in paragraphs 1-25 above as if set out in full herein.

33.     Plaintiff Cai was entitled to be paid time and one-half his promised regular rate of pay for each hour worked in excess of forty (40) in each work week.

34.     Plaintiff Cai worked 55 hours per work week during the 17 weeks beginning August 10, 2024.  Accordingly, Plaintiff Cai worked 255 overtime hours during his employment with Defendants.

35.     Plaintiff Cai was not paid time-and-one-half compensation for any of his overtime hours.

36.     Plaintiff Cai's regular rate was $45.45/hour ($2500/week divided by 55 hours worked).  His overtime rate was $68.18 ($45.45 x 1.5).  His half time rate was $22.73 ($45.45 / 2).

37.     Defendants did not pay Plaintiff Cai his half-time rate of $22.73/hour for 135 hours during the 9 weeks he worked beginning August 10, 2014.

38.     Defendants did not pay Plaintiff Cai his time-and-one-half rate of $68.18/hour for 120 hours during the 8 weeks he worked beginning October 12, 2024.

39.     As a direct and proximate result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular pay for each hour worked over forty (40) during the relevant period, Plaintiff Cai has suffered damages and has incurred reasonable attorney's fees and costs.  He is also entitled to liquidated damages as a result of Defendants' unlawful pay practices.

**WHEREFORE**, Plaintiff Cai respectfully requests that this Honorable Court enter judgment for Plaintiff Cai jointly and severally against Defendants on the basis of the Defendants' willful violations of the FLSA, award Plaintiff Cai $11,250.15 ((135 hours x $22.73) + (120 hours x $68.18)) in unpaid overtime wages, award Plaintiff Cai liquidated damages in an equal amount ($11,250.15), award Plaintiff Cai reasonable attorney's fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

### COUNT III: RECOVERY OF MINIMUM WAGES UNDER ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION AND THE FLORIDA MINIMUM WAGE ACT
**(JIANHUA CAI against all Defendants)**

40.     Plaintiff Cai realleges and incorporates the allegations contained in paragraphs 1-25 above as if set out in full herein.

41.     Pursuant to Article X, Section 24 of the Florida Constitution and Fla. Stat. 448.110 (the "Florida Minimum Wage Act"), Plaintiff Cai is entitled to be paid a minimum wage for each hour worked during his employment with Defendants.

42.     Defendants willfully failed to pay Plaintiff Florida's minimum wage for each of the 440 hours Plaintiff Cai worked between October 13, 2024 and December 8, 2024.

7

43.     Between October 13, 2024 and December 8, 2024, Florida's minimum wage was $13.00/hour.

44.     As a result of Defendants' intentional, willful, and unlawful acts in failing to pay Plaintiff minimum wages, Plaintiff has suffered damages and has incurred reasonable attorney's fees and costs.  He is also entitled to liquidated damages as a result of Defendants' unlawful pay practices.

**WHEREFORE**, Plaintiff Cai respectfully requests that this Honorable Court enter judgment for Plaintiff against Defendants, jointly and severally, for the full $5,720 in unpaid Florida minimum wage plus an additional amount of $5,720 as liquidated damages on the basis of the Defendants' willful violations of Article X, Section 24 of the Florida Constitution and the Florida Minimum Wage Act.  Plaintiff further requests payment of his reasonable attorney's fees and costs of suit, and such other and further relief as this Court deems equitable and just.

## COUNT IV: BREACH OF CONTRACT
### (JIANHUA CAI against NEIMA SUSHI LLC)

45.     Plaintiff Cai realleges and incorporates the allegations contained in paragraphs 1-25 above as if set out in full herein.

46.     On August 6, 2024, Plaintiff Cai and Neima Sushi LLC entered into a valid agreement attached as Exhibit 1.

47.     Pursuant to that contract, Cai was to serve as head sushi chef in return for an annual salary (wages) of $130,000 payable every two weeks.

48.     Defendant NEIMA SUSHI LLC materially breached the agreement by failing to pay Plaintiff Cai for the last 8 weeks of his employment with NEIMA SUSHI LLC.  During that period, Cai performed or substantially performed under the contract.

49.     Plaintiff Cai suffered damages as he was not paid for 8 weeks of employment for which he should have received $20,000 ($2,500/week x 8 weeks).

**WHEREFORE**, Plaintiff Cai respectfully requests that this Honorable Court enter judgment for Plaintiff Cai against Defendant Neima Sushi LLC, for the full amount of unpaid wages ($20,000).  Plaintiff further requests payment of his reasonable attorney's fees and costs pursuant to Fla. Stat. 448.08, and such other and further relief as this Court deems equitable and just.

### COUNT V: MINIMUM WAGE VIOLATIONS (FLSA)
**(RENGUAN ZHOU against all Defendants)**

50.     Plaintiff Zhou realleges and incorporates the allegations contained in paragraphs 1-25 above as if set out in full herein.

51.     Plaintiff Zhou was entitled to be paid the federal minimum wage for each hour Plaintiff Zhou worked during his employment with Defendants.

52.     Defendants failed to pay Plaintiff Zhou the federal minimum wage for each of the 440 hours Plaintiff worked for the Defendants between October 13, 2024 and December 8, 2024.

53.     Defendants had knowledge that they were required to pay a minimum wage, yet still failed to pay Plaintiff Zhou at least minimum wage.

54.     Defendants willfully failed to pay Plaintiff Zhou the federal minimum wage of $7.25/hour for 8 weeks during the relevant period, in violation of 29 U.S.C. § 206.

55.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff Zhou has been damaged in the loss of federal minimum wages for 8 weeks during the relevant period.  He is also entitled to liquidated damages as a result of Defendants' unlawful pay practices.

**WHEREFORE**, Plaintiff Zhou respectfully requests that this Honorable Court enter judgment for Plaintiff Zhou jointly and severally against Defendants on the basis of the Defendants' willful violations of the FLSA, award Plaintiff Zhou $3,190 (440 x $7.25) in unpaid minimum wages, award Plaintiff Zhou liquidated damages in an equal amount ($3,190), award Plaintiff Zhou reasonable attorney's fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

### COUNT VI: OVERTIME VIOLATIONS (FLSA)
**(RENGUAN ZHOU against all Defendants)**

56.     Plaintiff Zhou realleges and incorporates the allegations contained in paragraphs 1-25 above as if set out in full herein.

57.     Plaintiff Zhou was entitled to be paid time and one-half his promised regular rate of pay for each hour worked in excess of forty (40) in each work week.

58.     Plaintiff Zhou worked 55 hours per work week during the 17 weeks beginning August 10, 2024.  Accordingly, Plaintiff Zhou worked 255 overtime hours during his employment with Defendants.

59.     Plaintiff Zhou was not paid time-and-one-half compensation for any of his overtime hours.

60.     Plaintiff Zhou regular rate was $33.64/hour ($1850/week divided by 55 hours worked).  His overtime rate was $50.46 ($33.64 x 1.5).  His half time rate was $16.82 ($33.64/ 2).

61.     Defendants did not pay Plaintiff Zhou his half-time rate of $16.82/hour for 135 hours during the 9 weeks he worked beginning August 10, 2014.

62.     Defendants did not pay Plaintiff Zhou his time-and-one-half rate of $50.46/hour for 120 hours during the 8 weeks he worked beginning October 12, 2024.

63. As a direct and proximate result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular pay for each hour worked over forty (40) during the relevant period, Plaintiff Zhou has suffered damages and has incurred reasonable attorney's fees and costs.  He is also entitled to liquidated damages as a result of Defendants' unlawful pay practices.

WHEREFORE, Plaintiff Zhou respectfully requests that this Honorable Court enter judgment for Plaintiff Zhou jointly and severally against Defendants on the basis of the Defendants' willful violations of the FLSA, award Plaintiff Zhou $8,325.90 ((135 hours x $16.82) + (120 hours x $50.46)) in unpaid overtime wages, award Plaintiff Zhou liquidated damages in an equal amount ($8,325.90), award Plaintiff Zhou reasonable attorney's fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

### COUNT VII: RECOVERY OF MINIMUM WAGES UNDER ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION AND THE FLORIDA MINIMUM WAGE ACT
#### (RENGUAN ZHOU against all Defendants)

64. Plaintiff Zhou realleges and incorporates the allegations contained in paragraphs 1-25 above as if set out in full herein.

65. Pursuant to Article X, Section 24 of the Florida Constitution and Fla. Stat. 448.110 (the "Florida Minimum Wage Act"), Plaintiff Zhou is entitled to be paid a minimum wage for each hour worked during his employment with Defendants.

66. Defendants willfully failed to pay Plaintiff Florida's minimum wage for each of the 440 hours Plaintiff Zhou worked between October 13, 2024 and December 8, 2024.

67. Between October 13, 2024 and December 8, 2024, Florida's minimum wage was $13.00/hour.

68.     As a result of Defendants' intentional, willful, and unlawful acts in failing to pay Plaintiff minimum wages, Plaintiff has suffered damages and has incurred reasonable attorney's fees and costs.  He is also entitled to liquidated damages as a result of Defendants' unlawful pay practices.

**WHEREFORE**, Plaintiff Zhou respectfully requests that this Honorable Court enter judgment for Plaintiff against Defendants, jointly and severally, for the full $5,720 in unpaid Florida minimum wage plus an additional amount of $5,720 as liquidated damages on the basis of the Defendants' willful violations of Article X, Section 24 of the Florida Constitution and the Florida Minimum Wage Act.  Plaintiff further requests payment of his reasonable attorney's fees and costs of suit, and such other and further relief as this Court deems equitable and just.

## COUNT VIII: BREACH OF CONTRACT
### (RENGUAN ZHOU against NEIMA SUSHI LLC)

69.     Plaintiff Zhou realleges and incorporates the allegations contained in paragraphs 1-25 above as if set out in full herein.

70.     On August 6, 2024, Plaintiff Zhou and Neima Sushi LLC entered into a valid agreement attached as Exhibit 2.

71.     Pursuant to that contract, Zhou was to serve as sushi chef in return for an annual salary (wages) of $96,200 payable every two weeks.

72.     Defendant NEIMA SUSHI LLC materially breached the agreement by failing to pay Plaintiff Zhou for the last 8 weeks of his employment with NEIMA SUSHI LLC.  During that period, Zhou performed or substantially performed under the contract.

73.     Plaintiff Zhou suffered damages as he was not paid for 8 weeks of employment for which he should have received $14,800 ($1,850/week x 8 weeks).

12

**WHEREFORE**, Plaintiff Zhou respectfully requests that this Honorable Court enter judgment for Plaintiff Zhou against Defendant Neima Sushi LLC, for the full amount of unpaid wages ($14,800).  Plaintiff further requests payment of his reasonable attorney's fees and costs pursuant to Fla. Stat. 448.08, and such other and further relief as this Court deems equitable and just.

Dated: February 18, 2025                         Respectfully submitted,

                                      **NIZEL LAW, P.A.**

                                      ***By: /s/ Harris Nizel***
HARRIS NIZEL (Florida Bar No.: 0807931)
3440 Hollywood Boulevard, Suite 415
Hollywood, FL 33021
Telephone: (954) 653-8300
Primary E-mail: harris@nizel.com
Secondary E-mail: nizelservice@gmail.com
*Counsel for Plaintiffs*